## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Criminal Action No. 23- 83 - UNA |
| | ) | |
| MICHAEL COLEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>INFORMATION</u>

The United States Attorney for the District of Delaware charges that:

*Background*

1.      The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") provides for multiple sources of funding for small businesses affected by the economic downturn associated with the Coronavirus Pandemic.

2.      The Paycheck Protection Program Loans ("PPP") are designed for payroll costs, mortgage interest and rent, and utilities.   To be eligible for a PPP Loan, borrowers must have been in operation on February 15, 2020, had fewer than 500 employees, and had monthly payroll expenses.   Approved PPP borrowers receive a loan amount equal to up to 2.5 times the monthly payroll stated in the borrower's application.   Applicants for PPP Loans submit applications through traditional lenders, many who already participate in other U.S. Small Business Administration ("SBA") guaranteed loan programs.

3.      On or about April 9, 2021, MICHAEL COLEMAN submitted a fraudulent application to TD Bank, N.A. ("TD Bank"), an SBA authorized lender and federally insured financial institution, to obtain a PPP loan on behalf of Emitt, LLC ("Emmitt"), a personal physical

1

fitness business owned and controlled by COLEMAN.    The loan application falsely stated that Emitt then employed 10 individuals and had an average monthly payroll of $60,000.

4.        As a result of the false application, on or about May 15, 2021, TD Bank approved the PPP loan and on or about May 18, 2021, deposited $150,000 into a business checking account ending in 7918 and held in the name of Emitt.

5.        PPP loans are eligible for full forgiveness if during the eight to twenty-four week period following loan disbursement, the employee and compensation levels are maintained, the loan proceeds have been spent on payroll and other authorized expenses, and at least 60% of those loan proceeds are spent to cover payroll costs.

6.        On or about October 6, 2021, COLEMAN submitted a fraudulent application for forgiveness of the PPP loan in the full amount of $150,000, falsely indicating that the proceeds of the PPP loan had been used for eligible expenses, including payroll costs.

7.        Based on this fraudulent application, on or about October 13, 2021, the SBA granted the request for forgiveness and remitted to TD Bank $150,000 in principal and $616.67 in interest.

<u>**COUNT ONE**</u>

**(Bank Fraud)**

8.        On or about April 9, 2021, COLEMAN submitted a fraudulent application to TD Bank for a PPP loan for Emitt, a business located in Wilmington, Delaware.    In this application, COLEMAN represented that he employed 10 individuals and had an average monthly payroll of $60,000.

9.        Contrary to the fraudulent representations made by COLEMAN, Emmit, a personal fitness business operated out of COLEMAN's home in Bear, Delaware neither had 10 employees

nor had a monthly payroll of $60,000.

10.     As a result of this fraudulent application made by COLEMAN, the loan was approved on or about May 15, 2021, and the funds were deposited into the business checking account ending in 7918 and held in the name of Emmit on or about May 18, 2021.

*Charging Paragraph*

11.     From on or about April 9, 2021 to on or about May 18, 2021, in the District of Delaware, MICHAEL COLEMAN, defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud TD Bank, N.A., a federally insured financial institution, and to obtain moneys, funds, and other property under the custody and control of TD Bank, N.A., by means of material false and fraudulent pretenses, representations, and promises, as described more fully in paragraphs 3-10 above, incorporated herein by reference.

All in violation of 18 U.S.C. § 1344.

## NOTICE OF FORFEITURE

Upon conviction of the offense alleged in Count One of this Indictment, MICHAEL COLEMAN, defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. Section 981(a)(1)(C) and 28 U.S.C. Section 2461, any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation.

If the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without

difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other

property of said defendant up to the value of the forfeitable property described above.

DAVID C. WEISS
UNITED STATES ATTORNEY

BY: _____

Lesley F. Wolf
Assistant United States Attorney

Dated: 10/17/23

4